THOMAS H. BROWN *v.* THOMAS J. LEWIS.

[Kentucky Law Reporter, Vol. 1—238.]

**Trespass.**

> One who counsels and advises a trespass is liable as a trespasser, and may be sued alone or jointly with others who advised such trespass.

**Liability of Trespassers.**

> Persons in possession of house as trespassers, and those persons who counsel and advise the trespass, are liable for whatever injury results to the house from their occupation and use of it.

APPEAL FROM BRECKENRIDGE CIRCUIT COURT.

September 23, 1880.

OPINION OF JUDGE COFER:

That the appellee notified Miss Owen that she could teach in the house is proved by his own testimony given in the case, and that he intended and expected her to occupy it as a schoolhouse is shown by his conduct throughout. He says that he told Hinton that he would employ a teacher, if he could get a house; that Hinton told him that they could get the house, meaning, as the context clearly shows, the house that was burned; that he sent word to Miss Owen, whom he had employed, that she could teach in the house. He also says he hauled a load of benches, and left them outside of the house, for the school; and he says that he told Miss Owen that he would see DeHaven and if the house could be had he would let her know and she could teach the school there. He did see De-Haven, and was told that the house could be had, and it was no doubt on the faith of that interview that he sent word to the teacher, and hauled the benches to the house. That he counseled and advised the teacher to occupy the house does not admit of doubt, and that one who counsels and advises a trespass is liable as a trespasser is equally clear. He no doubt supposed that DeHaven had some sort of control over the house; otherwise there was no reason for consulting him. But that the house belonged to the appellant, and DeHaven had no right to authorize its use as a schoolhouse, is clearly shown.

The entry of the teacher and the children into the house, and its occupation by them, was a trespass; and the appellant, having advised and counseled the entry and use of the house, was a cotrespasser, and might be sued alone or jointly with others who counseled or advised the trespass. Nor can the appellee's good faith protect him against the legal right of the appellant to compensation for the injury sustained on account of the trespass. The consent of DeHaven to the use of his house, and his failure to disclose his want of authority to bind the appellant by such consent, cannot avail the appellee, even if he had been ignorant of the fact that the house belonged to the appellant; but his own evidence shows that he was not ignorant of the fact. That DeHaven had corn in the house gave him no such control of it as authorized him to allow it to be used as a schoolhouse.

. Nor is it material whether the burning of the house was caused by the negligence of those occupying it, or by a defective flue without any negligence on their part. They were there as trespassers, and they and those who counseled or advised the trespass are responsible for whatever injury resulted to the house from their occupation and use of it. That DeHaven gave his consent to the use of the house, and took part in putting it in readiness for the school, may show that he is also liable; but as he had no authority from the appellant such consent cannot affect his rights.

Wherefore the judgment is *reversed* and the cause remanded for a new trial upon principles not inconsistent with this opinion.

*Eskridge, for appellant.   Owen & Ellis, for appellee.* .